1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GIESEA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVID SEATS LLC, and DOES 1 – 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq.*); and<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*).<br><br>**Jury Trial Demanded** |

1    Plaintiff TODD GIESEA ("Plaintiff"), individually and on behalf of all other

2    members of the public similarly situated, allege as follows:

3                              **NATURE OF THE ACTION**

4    1.    Plaintiff brings this class action Complaint against Defendant VIVID

5    SEATS, LLC (hereinafter "Defendant") to stop Defendant's practice of falsely

6    advertising the nature, quality, and price of its tickets and to obtain redress for a

7    California class of consumers ("Class Members") who changed position, within

8    the applicable statute of limitations period, as a result of Defendant's false and

9    misleading advertisements.

10   2.    Defendant is a corporation with principal place of business in Illinois

11   and state of incorporation in Delaware and is engaged in the sale and marketing of

12   event tickets on the internet.

13   3.    Defendant represents that it sells presale tickets for various events and

14   does not engage in speculative selling of tickets, when this is in fact false.

15   Defendant misrepresented and falsely advertised to Plaintiff and other similarly

16   situated consumers their service (hereinafter "Class Products").

17   4.    Plaintiff and others similarly situated utilized or attempt to utilize

18   Defendant's service, and they did so on the basis that Defendant said that it sells

19   tickets for events and does not engage in any speculative selling.

20   5.    Defendant's misrepresentations to Plaintiff and others similarly

21   situated caused them to utilize or attempt Defendant's service, which Plaintiff and

22   others similarly situated would not have utilized or attempted to utilize absent

23   these misrepresentations by Defendant and its employees. In so doing, Defendant

24   has violated California consumer protection statutes, including the Unfair

25   Competition Law, and False Advertising Law.

26              **NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

27   6.    Consumers purchase Defendant's pre-sale tickets advertised to be of

28

a certain nature and quality, and in the case at bar, it did so under the impression that consumers are purchasing available tickets for a particular event for a set price and not a speculative one.

7.     Consumers rely on the representations and advertisements of online ticket retailers in order to know the price of tickets for the different events advertised. Details as to the nature and quality of the service, such as whether the tickets are actually available to be purchased at the time purchased, are important and material to consumers at the time they purchase said tickets for the event, as consumers are sensitive to the nature and quality of the price they pay for the tickets for the events they wish to enjoy.

8.     Defendant is engaged in the, marketing, supplying, and distributing of pre-sale tickets for various events that are worth far less than advertised by Defendant, and the true nature and quality of the ticket value is neither disclosed to consumers nor discoverable by the same at the time of purchase.

9.     When consumers purchase the tickets from Defendant, they reasonably believe that they are actually purchasing tickets from the ticket purchasing service, that are of the nature and quality that was advertised and disclosed at the time they agree to purchase said product.

10.     Defendant profits from the use of their product. Many consumers would not have purchased or attempted to purchase tickets through their platform if they were paying a speculative price, or they would have purchased their tickets from another competitor.

11.     In Plaintiff's case, Defendant engage in speculative selling tickets for a particular event, in contradiction with their policy of prohibiting speculative selling of tickets, which was not disclosed to Plaintiff at the time he purchased the tickets from Defendant.

12.     Defendant conceals the fact that its service is not going to be of the

CLASS ACTION COMPLAINT

nature and quality advertised in order to deceive consumers into utilizing their service that is different from that which is advertised.

13.    Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

14.    Defendant makes written and oral representations to consumers which contradict the actual nature and quality of the service that will be delivered to the consumer after the consumer purchases the service.

15.    The aforementioned written and oral representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

16.    Defendant's violations of the law include without limitation the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

17.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the true nature and quality of its services in a conspicuous manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

18.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a California resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware Corporation. Plaintiff also seeks damages for each violation alleged herein which, when aggregated among each member of the class, exceed the $5,000,000.00 threshold for requisite amount in controversy. Therefore, both minimal diversity

of citizenship and the amount in controversy requirements are satisfied for jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

19.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does business within this district by selling tickets to California citizens for events within the State.

## THE PARTIES

20.     Plaintiff TODD GIESEA is a citizen and resident of the State of California, County of San Francisco.

21.     Defendant VIVID SEATS, LLC is a Delaware corporation and headquartered in Illinois.

22.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

23.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

24.     Plaintiff is informed and believes, and thereon alleges, that said

1    Defendant is in some manner intentionally, negligently, or otherwise responsible
2    for the acts, omissions, occurrences, and transactions of each and all its employees,
3    agents, and/or third parties acting on its behalf, in proximately causing the
4    damages herein alleged.

5        25.    At all relevant times, Defendant ratified each and every act or
6    omission complained of herein. At all relevant times, Defendant, aided and abetted
7    the acts and omissions as alleged herein.

8                              **PLAINTIFF'S FACTS**

9        26.    On or around September 12, 2017, Plaintiff purchased tickets for an
10   event advertised on Defendant's internet webpage. Defendant represents the
11   tickets and associated price for the tickets was not speculative, as it is against its
12   selling policy.

13       27.    Speculative selling is the selling of tickets without actual possession
14   of or the express option and right to purchase the tickets being sold.  Thus, the
15   speculative seller obtains orders for tickets and then goes and buys tickets on the
16   marketplace in order to fill its orders.  Defendant's terms and services explicitly
17   declare and state that it does not permit speculative selling.

18       28.    At the time of the purchase, Plaintiff believed that the price set for the
19   tickets was the definitive worth of the tickets and not a speculative price and that
20   Defendant has possession of the tickets it sold.

21       29.    In reliance on these representations, Plaintiff used Defendant's
22   service to purchase tickets for an event.

23       30.    On or around September 13, 2017, Plaintiff discovered that the
24   producers of the event, for which Plaintiff purchased tickets from Defendant,
25   began to sell pre-sale tickets for that specific event. The producers of the event
26   informed Plaintiff that tickets for the event did not begin to go on sale until that
27   day.

28

31.     Plaintiff's paid Defendant approximately three (3) times more for the speculative tickets, than he would have if Plaintiff purchased the tickets from the producers of the event or their agents.

32.     As a result of Defendant's speculative selling, Plaintiff experienced an economic loss, by paying an inflated price for tickets that had yet to be marketed to the public and that Defendant was speculating on.

33.     Had Plaintiff known that Defendant would engage in speculative selling of the tickets, he would not have used Defendant's service.

34.     Furthermore, Plaintiff did not discover, nor could he have discovered, the true nature and quality of the service until after Plaintiff transacted with Defendant for the purchase of the tickets.

35.     Defendant specifically represents that it sells event tickets when they have officially been placed in the market and it does not engage in speculative selling of tickets for any event listed within their service.

36.     For the purchase, Plaintiff paid more than valuable consideration. Plaintiff relied on the fact that the tickets Defendant advertised on its service to be of a particular nature and quality, namely that Defendant sold the tickets and did not engage in speculative selling, at the time Plaintiff used the service. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that Plaintiff was speculatively purchasing tickets to an event, for which tickets had yet to be announced to go on sale.

37.     When completing the purchase with Defendant, Defendant guaranteed Plaintiff that he purchased for a particular event and that the tickets had gone on sale. Plaintiff relied on Defendant's statements about the nature and quality of the tickets advertised, in deciding whether to use Defendant's service for the purchase of tickets for events.  Plaintiff felt assured by Defendant that service as represented by Defendant, namely that Plaintiff purchased tickets for a

1   particular event that were actually available and not speculative. Plaintiff would

2   not have agreed to purchase tickets through Defendant's service if he had known

3   that Defendant engages in actions contrary to what Defendant represents in their

4   terms and conditions.

5       38.   Defendant never informed Plaintiff that its service sells tickets for

6   events speculatively, it does not actually have in its possession or access to tickets,

7   nor did Plaintiff provide his consent transacting with Defendant for such a

8   limitation.

9       39.   Knowledge of the true nature and quality of Defendant's service

10  would have impacted Plaintiff's decision to utilize this specific service from

11  Defendant over other vendors. Plaintiff would have found it important to his

12  purchase decision to know exactly what he was purchasing, and he believed that

13  he was purchasing tickets for a particular event and not paying a speculative price.

14  This much is demonstrated by the fact that Defendant specifically represented that

15  the tickets were sold as a pre-sale.

16      40.   Plaintiff felt ripped off and cheated by Defendant providing a service

17  that was different in nature and quality than that which Defendant represented.

18  Plaintiff believes that Defendant will continue its action of duping consumers into

19  purchasing their service that deviates significantly from Defendant's

20  representations, namely in the form of telling consumers that their service sells

21  tickets that are not speculative, when it in fact is speculative, unless Defendant's

22  practices are halted by way of an injunction.

23      41.   As a result of Defendant's fraudulent practices, described herein,

24  Plaintiff has suffered emotional distress, wasted time, and anxiety.

25      42.   Plaintiff alleges on information and belief that it is Defendant's policy

26  and practice to misrepresent the true nature and quality of its application regarding

27  the uses and functions of the service. Plaintiff asserts that this practice constitutes

28

CLASS ACTION COMPLAINT

a fraudulent omission of a material fact relating to the nature and quality of its service that would be important to a reasonable consumer to know at the time they purchase tickets through Defendant's service.

43.     Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the nature and quality of its platform, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the said misrepresentations, in order to induce their purchase of tickets through their platform over law abiding competitors.

44.     Defendant has a duty to disclose the true nature and quality of its services, including whether tickets have actually gone on sale or not, to consumers prior to the time they agree to purchase the tickets through Defendant's service. Defendant has a duty to disclose this material information of their service because such information would be highly important to a reasonable consumer.

45.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

46.     Defendant expressly represented to Plaintiff, through written statements, the true nature and quality of its service.

47.     Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase tickets through Defendant's service.

48.     In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

49.     Such representations were clearly false because the true nature and quality of the service was different than represented.

50.     Plaintiff would not have purchased the service if he knew that the above-referenced statements made by Defendant were false.

51.     Had Defendant properly marketed, advertised, and represented the

Class Products, Plaintiff would not have purchased the products.

52.     Plaintiff agreed to give his money, attention, and time to Defendant because of the nature and quality of the service advertised. Defendant benefited from falsely advertising the nature and quality of its service. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

53.     Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the service would have believed that Defendant was actually selling tickets on pre-sale and not engaging in speculative selling of event tickets.

54.     Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into purchasing tickets using Defendant's service than consumers and the State of California would find acceptable.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure, Rule 23.

56.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased the Class Products.

57.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

58.     Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

59.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

60.     Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

61.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

62.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

63.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

    (b)     Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

    (c)     Whether Defendant profited from the sale of the wrongly advertised Class Products;

    (d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., and California Bus. & Prof. Code § 17500, *et seq*.,;

    (e)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g)     The method of calculation and extent of damages for Plaintiff and Class Members.

64.     Plaintiff is a member of the Class he seeks to represent

65.     The claims of Plaintiff are not only typical of all Class members, they are identical.

66.     All claims of Plaintiff and the Class are based on the exact same legal theories.

67.     Plaintiff has no interest antagonistic to, or in conflict with, the Class.

68.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

69.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

70.     Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

71.     Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

72.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not

to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

73.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

74.    Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold tickets for events that were of a nature and quality different than advertised, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

75.    Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

76.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn, Plaintiff and other Class Members ended up with Products that were overpriced and inaccurately marketed, and therefore Plaintiff and other Class Members have suffered injury in fact.

77.    Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

78.    Defendant advertised to Plaintiff and other putative class members,

1   through written representations and omissions made by Defendant and its
2   employees that the Class Products would be of a particular nature and quality.

3          79.    Thus, Defendant knowingly sold Class Products to Plaintiff and other
4   putative class members.

5          80.    The misleading and false advertising described herein presents a
6   continuing threat to Plaintiff and the Class Members in that Defendant persists and
7   continues to engage in these practices, and will not cease doing so unless and until
8   forced to do so by this Court. Defendant's conduct will continue to cause
9   irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled
10  to preliminary and permanent injunctive relief ordering Defendant to cease its
11  false advertising, as well as disgorgement and restitution to Plaintiff and all Class
12  Members Defendant's revenues associated with their false advertising, or such
13  portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

17         81.    Plaintiff incorporates by reference each allegation set forth above as
18  fully set forth herein.

19         82.    Actions for relief under the unfair competition law may be based on
20  any business act or practice that is within the broad definition of the UCL.  Such
21  violations of the UCL occur as a result of unlawful, unfair or fraudulent business
22  acts and practices. A plaintiff is required to provide evidence of a causal
23  connection between a defendants' business practices and the alleged harm--that is,
24  evidence that the defendants' conduct caused or was likely to cause substantial
25  injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct
26  created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory
27  definition of unfair competition covers any single act of misconduct, as well as
28

1  ongoing misconduct.

2  **UNFAIR**

3      83.   California Business & Professions Code § 17200 prohibits any

4  "unfair . . . business act or practice."   Defendant's acts, omissions,

5  misrepresentations, and practices as alleged herein also constitute "unfair"

6  business acts and practices within the meaning of the UCL in that its conduct is

7  substantially injurious to consumers, offends public policy, and is immoral,

8  unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

9  any alleged benefits attributable to such conduct.  There were reasonably available

10 alternatives to further Defendant's legitimate business interests, other than the

11 conduct described herein.  Plaintiff reserves the right to allege further conduct

12 which constitutes other unfair business acts or practices.  Such conduct is ongoing

13 and continues to this date.

14     84.   In order to satisfy the "unfair" prong of the UCL, a consumer must

15 show that the injury: (1) is substantial; (2) is not outweighed by any countervailing

16 benefits to consumers or competition; and (3) is not one that consumers themselves

17 could reasonably have avoided.

18     85.   Here, Defendant's conduct has caused and continues to cause

19 substantial injury to Plaintiff and members of the Class.  Plaintiff and members of

20 the Class have suffered injury in fact due to Defendant's decision to sell them

21 falsely described Class Products.  Thus, Defendant's conduct has caused

22 substantial injury to Plaintiff and the members of the Class.

23     86.   Moreover, Defendant's conduct as alleged herein solely benefits

24 Defendant while providing no benefit of any kind to any consumer. Such deception

25 utilized by Defendant convinced Plaintiff and members of the Class that the Class

26 Products were a certain nature and quality in order to induce them to spend money

27 on said Class Products. In fact, knowing that Class Products were not of this nature

28

CLASS ACTION COMPLAINT

1    and quality, Defendant unfairly profited from their sale. Thus, the injury suffered

2    by Plaintiff and the members of the Class is not outweighed by any countervailing

3    benefits to consumers.

4         87.    Finally, the injury suffered by Plaintiff and members of the Class is

5    not an injury that these consumers could reasonably have avoided. After

6    Defendant falsely represented the Class Products, Plaintiff and class members

7    suffered injury in fact due to Defendant's sale of Class Products to them.

8    Defendant failed to take reasonable steps to inform Plaintiff and class members

9    that the Class Products were not advertised as having the nature and quality that

10   they in fact have. As such, Defendant took advantage of Defendant's position of

11   perceived power in order to deceive Plaintiff and the Class members to purchase

12   tickets for events through Defendant's service when in fact the tickets were not in

13   Defendant's possession   and Defendant engages in speculative selling, as

14   prohibited by their terms and conditions. Therefore, the injury suffered by Plaintiff

15   and members of the Class is not an injury which these consumers could reasonably

16   have avoided.

17       88.    Thus, Defendant's conduct has violated the "unfair" prong of

18   California Business & Professions Code § 17200.

19                              **FRAUDULENT**

20       89.    California Business & Professions Code § 17200 prohibits any

21   "fraudulent ... business act or practice."  In order to prevail under the "fraudulent"

22   prong of the UCL, a consumer must allege that the fraudulent business practice

23   was likely to deceive members of the public.

24       90.    The test for "fraud" as contemplated by California Business and

25   Professions Code § 17200 is whether the public is likely to be deceived.  Unlike

26   common law fraud, a § 17200 violation can be established even if no one was

27   actually deceived, relied upon the fraudulent practice, or sustained any damage.

28

CLASS ACTION COMPLAINT

91.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that Defendant sold tickets actually in its possession and was not engaged in speculative selling, when in fact that was not the case. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

92.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain nature and quality when in reality they were a significantly different, and thus falsely represented the Class Products.

93.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

94.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

95.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being of a nature and quality different from what they actually were.

96.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.. Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to

Plaintiff and Class Members.

97.    This practice of making these representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

98.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

99.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

100.    Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)    An order certifying the undersigned counsel as Class Counsel;

(c)    An order requiring VIVID SEATS, LLC, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)    An order requiring VIVID SEATS, LLC to engage in corrective advertising regarding the conduct discussed above;

1       (e)    Actual damages suffered by Plaintiff and Class Members as

2               applicable or full restitution of all funds acquired from Plaintiff

3               and Class Members from the sale of misbranded Class Products

4               during the relevant class period;

5       (f)    Punitive damages, as allowable, in an amount determined by

6               the Court or jury;

7       (g)    All reasonable and necessary attorneys' fees and costs provided

8               by statute, common law or the Court's inherent power;

9       (h)    Pre- and post-judgment interest; and

10      (i)    All other relief, general or special, legal and equitable, to which

11              Plaintiff and Class Members may be justly entitled as deemed

12              by the Court.

### REQUEST FOR JURY TRIAL

101.   Plaintiff requests a trial by jury as to all claims so triable.

Dated:  March 22, 2018       Respectfully submitted,

                       LAW OFFICES OF TODD M. FRIEDMAN, PC

                       By: /s/Todd M. Friedman

                         TODD M. FRIEDMAN, ESQ.

                         Attorney for Plaintiff TODD GIESEA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A